107 T.C. No. 14


UNITED STATES TAX COURT


PEN COAL CORPORATION, f.k.a. P&C "BITUMINOUS COAL", INC.,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent

PEN HOLDINGS, INC. AND SUBSIDIARIES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 23670-95, 23672-95.     Filed November 6, 1996.


        Ps filed petitions for redetermination contesting,
inter alia, R's determination that Ps are liable for
interest computed at the increased rate prescribed in
sec. 6621(c), I.R.C., applicable to large corporate
underpayments of tax.  R filed motions to dismiss for
lack of jurisdiction and to strike allegations relating
to Ps' liability for interest under sec. 6621(c).

        Held:  Sec. 6214(a) does not provide statutory
authority for this Court to redetermine Ps' liability for
interest computed at the increased rate prescribed in sec.
6621(c).  Held, further, R's motions to dismiss for lack of
jurisdiction and to strike will be granted.

B. John Williams Jr., Carolyn O. Ward, and Miriam L. Fisher, for petitioners.

Stephen M. Miller and Nancy W. Hale, for respondent.

OPINION

RUWE, Judge:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  These cases are before the Court on (1) respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to Interest Due From the Petitioner, filed in docket No. 23670-95; and (2) respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Year 1989 and as to Interest Due From the Petitioner, filed in docket No. 23672-95.

As explained in greater detail below, the issue for decision is whether the Court has jurisdiction to redetermine petitioners' liability for interest computed at the increased rate established

---

[1]Unless otherwise indicated, all section, chapter, and subtitle references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

by section 6621(c) applicable to large corporate underpayments of tax.

Background

On August 17, 1995, respondent issued notices of deficiency to Pen Coal Corp. (Pen Coal) in which respondent determined the following deficiencies in, additions to, and accuracy-related penalty in respect of Pen Coal's Federal withholding taxes under chapter 3 of subtitle A:

| | | Additions to Tax and Penalty | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a) | Sec. 6661 | Sec. 6662 |
| 1986 | $1,694,871 | $423,718 | $90,425 | -- | -- |
| 1987 | 3,125,107 | -- | -- | $781,277 | -- |
| 1988 | 1,638,186 | -- | -- | 409,547 | -- |
| 1989 | 1,600,390 | -- | -- | -- | $320,078 |

Respondent also determined that Pen Coal's underpayments for the taxable years 1986 through 1989 constitute large corporate underpayments within the meaning of section 6621(c)(3) and that Pen Coal is therefore liable for interest computed at the increased rate prescribed in section 6621(c)(1).[2]  The notices of

_____

[2]Sec. 6621(c), which was enacted in its present form by sec. 11341(a) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388-470, effective for purposes of determining interest for periods after Dec. 31, 1990, sets forth the rules for determining the amount of interest payable under sec. 6601 on large corporate underpayments of tax.  Sec. 6621(c) provides in pertinent part:

(continued...)

---

[2](...continued)

SEC. 6621(c).  Increase In Underpayment Rate For Large Corporate Underpayments.--

(1) In general.--For purposes of determining the amount of interest payable under section 6601 on any large corporate underpayment for periods after the applicable date, paragraph (2) of subsection (a) shall be applied by substituting "5 percentage points" for "3 percentage points".

(2) Applicable rate.--For purposes of this subsection--

(A) In general.--The applicable date is the 30th day after the earlier of--

(i) the date on which the 1st letter of proposed deficiency which allows the taxpayer an opportunity for administrative review in the Internal Revenue Service Office of Appeals is sent, or

(ii) the date on which the deficiency notice under section 6212 is sent.

*       *       *       *       *       *       *

(3) Large corporate underpayment.--For purposes of this subsection--

(A) In general.--The term "large corporate underpayment" means any underpayment of a tax by a C corporation for any taxable period if the amount of such underpayment for such period exceeds $100,000.

(B) Taxable period.--For purposes of subparagraph (A), the term "taxable period" means--

(i) in the case of any tax

(continued...)

deficiency also state that interest will be computed on the addition to tax under section 6651(a)(1) for the taxable year 1986 pursuant to section 6601(e)(2).[3]

On August 17, 1995, respondent issued notices of deficiency to Pen Holdings, Inc., and its subsidiaries (Pen Holdings) in which respondent determined the following deficiencies in, and additions to, Pen Holdings' Federal income taxes:

---

[2](...continued)
imposed by subtitle A, the taxable year, or

(ii) in the case of any other tax, the period to which the underpayment relates.

[3]Sec. 6601(e)(2)(B) provides in pertinent part:

SEC. 6601(e).  Applicable Rules.--Except as otherwise provided in this title--

\*     \*     \*     \*     \*     \*     \*

(2) Interest on penalties, additional amounts, or additions to the tax.--

\*     \*     \*     \*     \*     \*     \*

(B) Interest on certain additions to tax.--Interest shall be imposed under this section with respect to any addition to tax imposed by section 6651(a)(1) \* \* \* for the period which--

(i) begins on the date on which the return of the tax with respect to which such addition to tax is imposed is required to be filed (including any extensions), and

(ii) ends on the date of payment of such addition to tax.

| Year | Deficiency | Additions To Tax | |
| | | Sec. 6651(a)(1) | Sec. 6661 |
|------|-----------|-----------------|-----------|
| 1982 | $1,457,191 | -- | $364,298 |
| 1983 | 990,664 | -- | 247,666 |
| 1984 | 1,510,584 | -- | 377,646 |
| 1985 | 2,317,050 | $175,058 | 579,263 |
| 1986 | 5,102,222 | -- | 1,275,556 |
| 1987 | 4,229,739 | -- | 158,778 |
| 1988 | 3,181,108 | -- | -- |

Respondent also determined that Pen Holdings' underpayments for the taxable years 1982 through 1988 constitute large corporate underpayments within the meaning of section 6621(c)(3) and that Pen Holdings is therefore liable for interest computed at the increased rate prescribed in section 6621(c)(1). The notices of deficiency also state that interest will be computed on the addition to tax under section 6651(a)(1) for the taxable year 1985 pursuant to section 6601(e)(2).

On August 17, 1995, respondent issued additional notices of deficiency to Pen Holdings in which respondent determined the following deficiencies in, and additions to, Pen Holdings' Federal withholding taxes under chapter 3 of subtitle A:

| Year | Deficiency | Addition To Tax Sec. 6651(a)(1) |
|------|-----------|-----------------|
| 1982 | $676,894 | $169,223 |
| 1983 | 972,657 | 243,164 |
| 1984 | 729,143 | 182,286 |
| 1985 | 1,079,888 | 269,972 |

Respondent also determined that Pen Holdings' underpayments for the taxable years 1982 through 1985 constitute large corporate

underpayments within the meaning of section 6621(c)(3) and that Pen Holdings is therefore liable for interest computed at the increased rate prescribed in section 6621(c)(1).  The notices of deficiency also state that interest will be computed on the additions to tax under section 6651(a)(1) for the taxable years 1982 through 1985, pursuant to section 6601(e)(2).

All references to petitioners are to Pen Coal and Pen Holdings (and its subsidiaries).

On November 14, 1995, petitioners separately filed petitions for redetermination with this Court contesting the notices of deficiency described above.  Each of the petitions contains allegations that respondent erred in her determinations regarding the imposition of interest under sections 6601(e)(2) and 6621(c)(1).  Specifically, petitioners allege that they are not liable for interest computed at the increased rate prescribed in section 6621(c) because petitioners do not have a "large corporate underpayment" for any of the taxable years in issue. In the alternative, petitioners allege that respondent failed to allow them an opportunity for administrative review prior to the issuance of the notices of deficiency and that, as a consequence, the applicable date for computing increased interest under section 6621(c) is the date that the notices of deficiency were mailed.[4]

---

[4]We note that pursuant to sec. 6621(c)(2)(A)(ii), the "applicable date" is the 30th day after the date on which the
(continued...)

As indicated, respondent moved to dismiss for lack of jurisdiction and to strike the allegations in the petitions concerning petitioners' liability for interest.  Respondent contends that this Court lacks jurisdiction in these proceedings to redetermine petitioners' liability for interest under sections 6601(e)(2) and 6621(c).

Petitioners filed objections to respondent's motions in which they cited <u>Ohio Farm Bureau Federation v. Commissioner</u>, 106 T.C. 222 (1996), and <u>Northwestern Indiana Telephone Co. v. Commissioner</u>, T.C. Memo. 1996-168, for the proposition that this Court has the authority, by virtue of its jurisdiction to redetermine deficiencies in tax, to redetermine a corporation's liability for interest under section 6621(c).  In the alternative, petitioners argued in their objections that this Court has jurisdiction to redetermine such interest after payment and within 1 year of the date on which the decision of the Court becomes final, pursuant to section 7481(c).

During the course of the oral argument on respondent's motions, counsel for both parties acknowledged that the Court's memorandum opinion in <u>Northwestern Indiana Telephone Co. v. Commissioner</u>, <u>supra</u>, had been modified (by Order dated April 17, 1996) to eliminate all references to section 6621(c).  The parties also acknowledged that, although <u>Ohio Farm Bureau</u>

---

(...continued)
notice of deficiency is sent.

<u>Federation v. Commissioner</u>, <u>supra</u>, includes references to section 6621(c), the Court did not address in that case the Commissioner's determination that the taxpayer was liable for the increased rate of interest applicable to large corporate underpayments of tax. <u>Id.</u> at 223, 236 n.9. In addition, counsel for petitioners conceded that the Court lacks jurisdiction as to petitioners' liability for interest under section 6601(e)(2). And, based on respondent's concession that no notice of deficiency was issued to Pen Holdings for 1989, counsel for petitioners also conceded that insofar as Pen Holdings is concerned, the Court lacks jurisdiction as to the taxable year 1989.[5]

Following the hearing on respondent's motions, both parties filed additional memoranda with the Court.

Discussion

The issue for decision in these cases is whether this Court has jurisdiction to redetermine petitioners' liability for interest computed at the increased rate prescribed by section 6621(c) on large corporate underpayments of tax. As explained in greater detail below, we conclude that we lack jurisdiction to redetermine such interest in these deficiency proceedings. We leave for another day whether we have jurisdiction to determine

_____

[5]Both parties recognized that the Court may consider Pen Holdings' 1989 taxable year in determining its correct tax liability for the years in issue. Sec. 6214(b).

such interest in a supplemental proceeding commenced pursuant to section 7481(c) and Rule 261.

Section 6601(a) provides the general rule that interest will be imposed at the rate established under section 6621 on any tax that is not paid on or before the last date prescribed for payment. Section 6621(a)(2) provides the general rule that the underpayment rate shall be the sum of the Federal short-term rate determined under section 6221(b) plus 3 percentage points.

Section 6621(c), which was enacted in its present form by section 11341(a) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388, effective for purposes of determining interest for periods after December 31, 1990, sets forth the rules for determining the amount of interest payable under section 6601 on large corporate underpayments of tax. As relevant herein, section 6621(c) provides that interest shall be computed on an underpayment of tax by a C corporation that exceeds $100,000 at an increased rate equal to the Federal short-term rate determined under section 6621(b) plus 5 percentage points. The computation of interest under section 6621(c) is applicable for periods after the 30th day after the earlier of (1) the date of mailing of the first letter of proposed deficiency which allows the taxpayer the opportunity for the IRS Appeals Office review, or (2) the date of mailing of a notice of deficiency under section 6212.

Petitioners have attempted to place in dispute their liability for interest under section 6621(c) in an effort to have the Court determine the correct "applicable date" for computing such interest. Petitioners allege that they were not given a meaningful opportunity for Appeals Office review and that the applicable date should be from August 17, 1995, the date on which the deficiency notices were mailed in these cases, rather than the earlier dates determined by respondent.[6]

It is well settled that this Court is a court of limited jurisdiction and that we may exercise jurisdiction only to the extent expressly authorized by statute. Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). It is equally well settled that this Court's jurisdiction to redetermine a deficiency in tax generally does not extend to statutory interest imposed under section 6601. See Bax v. Commissioner, 13 F.3d 54, 56-57 (2d Cir. 1993), affg. an Order of this Court; LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). Indeed, section 6601(e)(1) expressly provides that interest prescribed by section 6601 is treated as tax "except [for purposes of] subchapter B of chapter 63, relating to deficiency procedures". Because the effect of such language is to exclude interest from the definition of a "tax" for purposes

---

[6]See supra note 4.

of section 6211(a), it follows that such interest is not a deficiency.  See <u>White v. Commissioner</u>, 95 T.C. 209, 213 (1990).

Respondent moves to dismiss and to strike the allegations in the petitions insofar as they pertain to section 6621(c) on the grounds that (1) such interest does not fall within the definition of a deficiency under section 6211(a), and (2) there is otherwise no specific grant of statutory authority for this Court to redetermine a taxpayer's liability for such interest.

Petitioners acknowledge the general limitations respecting this Court's jurisdiction as to statutory interest. Nevertheless, petitioners contend that section 6214(a) vests this Court with jurisdiction to redetermine interest computed at the increased rate prescribed in section 6621(c)(1).

<u>Section 6214(a)</u>

Section 6214(a) provides in pertinent part:

> SEC. 6214(a).  Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax.--Except as provided by section 7463, <u>the Tax Court shall have jurisdiction</u> to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and <u>to determine</u> <u>whether any additional amount</u>, or any addition to the tax <u>should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing</u>.  [Emphasis added.]

Specifically, petitioners contend that section 6214(a) provides this Court with authority to redetermine interest computed at the

increased rate prescribed in section 6621(c) on the ground that such interest constitutes an "additional amount" within the meaning of section 6214(a). In conjunction with the foregoing, petitioners contend that this Court's narrow interpretation of section 6214(a) in Bregin v. Commissioner, 74 T.C. 1097 (1980), is erroneous. Petitioners further contend that the lack of any mention of this Court's jurisdiction in section 6621(c), despite the presence of such a provision in former section 6621(c), is at most a neutral factor to be taken into account in resolving congressional intent. We disagree with petitioners' contentions.

In Bregin v. Commissioner, supra, the taxpayer filed a tax return for 1974 on which he claimed a credit for taxes withheld on his wages in excess of the amounts shown to have been withheld on his Forms W-2. The Commissioner overlooked the discrepancy and allowed a refund to the taxpayer based on the withholding credit reported on the taxpayer's return. Later, the Commissioner issued a notice of deficiency to the taxpayer in which the Commissioner determined that the taxpayer had received unreported income in 1974. The notice did not include any allegation that the taxpayer had claimed any excessive credit. The taxpayer invoked this Court's jurisdiction by filing a petition for redetermination.

Shortly before trial, the Commissioner filed a motion for leave to amend answer to include an allegation that the taxpayer had claimed an excessive withholding credit under section 31.

Although recognizing that the alleged excessive credit did not fall within the definition of a deficiency under section 6211(a), the Commissioner argued that the Court had jurisdiction over the issue on the ground that it constituted an "additional amount" within the meaning of section 6214(a).

Upon review of the matter, we rejected the Commissioner's argument for several reasons. First, we looked to chapter 68 entitled "Additions to the Tax, Additional Amounts, and Assessable Penalties", for guidance as to the meaning of the term "additional amount" as used in section 6214(a). In light of the similarity between the language used in section 6214(a) and the various provisions included under chapter 68, we concluded that the term "additional amount" as used in section 6214(a) was meant to refer to one of the assessable civil penalties described in chapter 68. Bregin v. Commissioner, supra at 1102-1103.

Next, we examined the plain language of section 6214(a) and its predecessors and reviewed the legislative history of such section. We noted that section 6214(a) originated as section 274(e) of the Revenue Act of 1926, ch. 27, 44 Stat. 56, which authorized this Court's predecessor, the Board of Tax Appeals, to determine "whether any penalty, additional amount or addition to the tax should be assessed." Bregin v. Commissioner, supra at 1103. Although the term "penalty" was later omitted when section 6214(a) was enacted as part of the Internal Revenue Code of 1954, we observed that the committee reports declared that no material

change was intended.  Id.  We further observed that the language in former section 274(e) expanding the Board's authority to determine whether "any penalty, additional amount or addition to the tax should be assessed" was added by the Senate Finance Committee for the express purpose of allowing the Commissioner to determine that a deficiency is attributable to fraud or negligence, after the issuance of a deficiency notice, but without requiring the Commissioner to issue a second notice of deficiency to the taxpayer.  Id. at 1103-1104 (citing S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 332, 353). We stated that "the legislative history of section 6214(a) indicates that the provision was not designed to have the broad meaning urged by the Commissioner."  Id. at 1104.

We also pointed out in Bregin that the Commissioner was given the authority under section 6201(a)(3) to recover amounts due from a taxpayer's overstatement of withholding credits without issuing a notice of deficiency.  Under the circumstances, we could find no indication that Congress intended section 6214(a) to provide the Commissioner with an alternative method for recovering on such a claim.  Id. at 1104-1105.

Petitioners, like the Commissioner in Bregin, propose a broad interpretation of the term "additional amount" in section 6214(a) in an effort to persuade the Court to exercise jurisdiction over an item that otherwise does not satisfy the statutory definition of a deficiency under section 6211(a).  In

furtherance of their position, petitioners assert that the Court's more restrictive interpretation of section 6214(a) in Bregin is erroneous on the grounds that (1) the Court's interpretation impermissibly renders the term "additional amount" a mere redundancy; and (2) the Court violated section 7806(b) by relying on the use of the term "additional amounts" in chapter 68 in interpreting the term "additional amount" in section 6214(a).[7]

We disagree with petitioners' assertion that this Court's interpretation of section 6214(a) in Bregin v. Commissioner, 74 T.C. 1097 (1980), renders the term "additional amount" a mere redundancy.  As our detailed analysis of section 6214(a) and its legislative history in Bregin amply demonstrates, Congress used the phrase "any additional amount, or any addition to the tax" in section 6214(a) to ensure an understanding that this Court's jurisdiction encompasses items that are to be assessed, collected, and paid in the same manner as taxes, including the

---

[7]Sec. 7806(b) provides in pertinent part:

    SEC. 7806(b).  Arrangement and Classification.--No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect.
    * * *

additions to tax and other additional amounts (not labeled "additions to tax") described in chapter 68.[8]

We likewise find petitioners' reliance on section 7806(b) to be misplaced. Section 7806(b) provides that no inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of title 26. In Bregin, we did not draw an inference, implication, or presumption of legislative construction by reason of the location or grouping of any particular section or provision of the Internal Revenue Code in interpreting section 6214(a). As explained above, we merely looked to chapter 68, and the meaning given to the term "additional amounts" therein, to aid in interpreting the same term as it is found in section 6214(a). Simply stated, we see no tension between the Court's analysis in Bregin and the proscriptions of section 7806(b).

Former Section 6621(c)

Contrary to petitioners' contention, we also find former section 6621(c) and the case law interpreting that section to be relevant in resolving the jurisdictional issue presented by respondent's motions. A brief review of the provisions of former section 6621(c), as well as the case law developed by this Court

---

[8]We observe that the accuracy-related penalty imposed by current sec. 6662 and the fraud penalty imposed by current sec. 6663 are both penalties and not additions to tax.

in regard to our jurisdiction thereover, will be helpful before we discuss this matter further.

Former section 6621(c), originally codified as section 6621(d) and applicable with respect to interest accruing after December 31, 1984, provided that interest payable under section 6601 will be computed at a rate equal to 120 percent of the normal rate provided under section 6601 on any substantial underpayment of tax attributable to a tax-motivated transaction.[9] Former section 6621(c)(4) provided in pertinent part:

> (4) Jurisdiction of Tax Court.--In the case of any proceeding in the Tax Court for a redetermination of a deficiency, the Tax Court shall also have jurisdiction to determine the portion (if any) of such deficiency which is a substantial underpayment attributable to tax motivated transactions.

In short, former section 6621(c)(4) established a limited exception to the general rule that this Court lacks jurisdiction over statutory interest by providing that, in a proceeding for redetermination of a deficiency, this Court has jurisdiction to determine the portion (if any) of such a deficiency that is a substantial underpayment attributable to tax-motivated transactions.

---

[9]Sec. 6621(d) was added to the Internal Revenue Code by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 144(a), 98 Stat. 494, 682. Sec. 6621(d) was redesignated sec. 6621(c) by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(c)(1)(A)-(C), 100 Stat. 2085, 2744. Former sec. 6621(c) was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, effective with respect to returns the due date for which is after Dec. 31, 1989.

The question of the scope of this Court's jurisdiction under former section 6621(c) arose in White v. Commissioner, 95 T.C. at 212-214, involving a so-called affected items proceeding. In White, the Commissioner issued a notice of deficiency to the taxpayers solely for additions to tax after the underlying tax deficiency was assessed following the conclusion of partnership level proceedings. The taxpayers filed a petition contesting the additions to tax as well as their liability for additional interest under former section 6621(c). This prompted the Commissioner to file a motion to dismiss for lack of jurisdiction as to the additional interest.

In granting the Commissioner's motion to dismiss in White, we first held, based upon a combined reading of sections 6211(a), 6230(a), and 6601(e)(1), that interest computed at the increased rate prescribed in former section 6621(c)(1) is not a deficiency within the meaning of section 6211(a). Consistent with this holding, we rejected the taxpayers' argument that section 6230(a)(2)(A)(i) provided statutory authority for this Court to redetermine such interest. Next, we analyzed former section 6621(c)(4) and concluded that our jurisdiction under that provision is limited to cases where the parties dispute a deficiency in tax imposed by subtitle A, and, specifically, to determining whether a portion of such a deficiency constitutes a substantial underpayment attributable to tax-motivated transactions. In other words, Congress granted this Court

limited authority to determine only the portion of a deficiency in tax that is subject to interest computed at the increased rate prescribed in former section 6621(c)(1).  Because the only items in dispute in White concerned additions to tax, the underlying deficiency in tax having been previously assessed as a computational adjustment pursuant to section 6230(a)(1), we held that former section 6621(c)(4) did not provide this Court with jurisdiction to redetermine the taxpayers' liability for increased interest under former section 6621(c).[10]  Accord Odend'Hal v. Commissioner, 95 T.C. 617 (1990) (where addition to tax was sole item in dispute, this Court lacks jurisdiction to redetermine interest computed at the increased rate prescribed in former section 6621(c)(1)); cf. Barton v. Commissioner, 97 T.C. 548 (1991) (this Court has jurisdiction to redetermine additional interest computed at the increased rate prescribed in former section 6621(c)(1) pursuant to this Court's jurisdiction to determine an overpayment under section 6512(b)(1)).

Although the specific subject matter of present section 6621(c) regarding corporate underpayments is different from that of former section 6621(c) regarding substantial understatements attributable to tax-motivated transactions, the operative principle common to both provisions is the imposition of

---

[10]In concluding our opinion in White v. Commissioner, 95 T.C. 209, 217 (1990), we expressly suggested that congressional action would be needed to fill the jurisdictional gap identified in that case.

statutory interest at an increased rate.  Given the commonality of purpose of the two provisions, it is wholly appropriate to draw a negative inference from the fact that Congress expressly granted this Court jurisdiction in former section 6621(c)(4) but failed to do the same in present section 6621(c).  In this regard, a brief recapitulation of the various elements of our analysis will buttress the point and expose the inherent weakness in petitioners' position.

As previously discussed, this Court's jurisdiction to redetermine a deficiency in tax generally does not extend to statutory interest imposed under section 6601.  Significantly, section 6601(e)(1) provides that the deficiency procedures set forth in subchapter B of chapter 63 are not applicable to interest imposed under section 6601.  In addition to these principles, we have discussed this Court's opinion in Bregin v. Commissioner, 74 T.C. 1097 (1980), where we held that the term "additional amount" in section 6214(a) is limited to the assessable civil penalties described in chapter 68.  These factors alone are adequate to overcome petitioners' assertion that section 6214(a) provides a jurisdictional basis for this Court to redetermine interest computed at the increased rate prescribed in present section 6621(c).

Moreover, when Congress' enactment of former section 6621(c)(4) is also taken into account, the result is overwhelming confirmation that (1) petitioners' reliance on section 6214(a) is

misplaced; and (2) Congress simply did not intend for this Court to exercise jurisdiction, at least in the context of a deficiency proceeding, to redetermine a taxpayer's liability for interest computed at the increased rate prescribed in present section 6621(c).

With regard to the first point, we note that if petitioners' theory that section 6214(a) provides this Court with jurisdiction to redetermine interest under section 6621(c) were correct, there would have been no need for Congress to enact former section 6621(c)(4).[11] Thus, in order to avoid an interpretation that would render former section 6621(c)(4) redundant and superfluous, it follows that petitioners' theory of jurisdiction is incorrect.

In addition to the foregoing, we believe that former section 6621(c)(4) reflects Congress' understanding of the need to specifically define this Court's jurisdiction with respect to matters involving statutory interest in recognition of section 6601(e)(1), which serves to deny this Court jurisdiction over such interest. Against this background, we conclude that Congress would have expressly granted this Court jurisdiction to redetermine interest computed at the increased rate prescribed by present section 6621(c) if such had been the intent of Congress.

---

[11]Further, taking petitioners' theory to its logical conclusions, the issue might arise whether this Court has jurisdiction as to interest in general, notwithstanding the provisions of sec. 6601(e) or as to any item that would not otherwise satisfy the definition of a deficiency under sec. 6211(a).

Section 7481(c)

Petitioners' initial objections to respondent's motions to dismiss included an alternative argument that this Court has the authority, by virtue of section 7481(c), to consider petitioners' liability for interest computed at the increased rate prescribed in section 6621(c).

Section 7481(c), codified by section 6246(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, serves to confer jurisdiction on this Court to resolve disputes concerning respondent's post-decision computation of statutory interest; i.e., to determine interest on deficiencies that have been redetermined by this Court and assessed under section 6215. See, e.g., Stauffacher v. Commissioner, 97 T.C. 453 (1991); Note to Rule 261, 93 T.C. 821, 1040-1041 (1989).

Section 7481(c) provides in pertinent part as follows:

> SEC. 7481(c). Jurisdiction Over Interest Determinations.--Notwithstanding subsection (a), if--
>
> (1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,
>
> (2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
>
> (3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the

> amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,

> then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment. * * *

Notably, petitioners abandoned their alternative position in the memoranda that they filed after the hearing in these cases. Petitioners now assert that the question regarding the "applicable date" for computing interest at the increased rate prescribed in section 6621(c) is not an issue the resolution of which falls within this Court's jurisdiction under section 7481(c). Petitioners further assert that if this Court also lacks jurisdiction to redetermine their liability for such interest in these deficiency proceedings, then they would be left without a remedy in this Court.[12]

Consistent with the plain language of section 7481(c), it is evident that the proceeding contemplated by such section may only be brought after this Court's decision regarding the underlying deficiency is final and the taxpayer has paid the interest in dispute. See Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). Accordingly, the scope of this Court's jurisdiction under section 7481(c) is not a matter that is properly before us at this time, and we therefore leave

---

[12]Petitioners do not assert that they would be without a remedy in some other court.

consideration of that issue for another day.  Suffice it to say that the mere possibility that our jurisdiction may be limited in a proceeding under section 7481(c) to determine petitioners' liability for interest pursuant to section 6621(c) does not provide the requisite <u>statutory</u> basis for us to exercise jurisdiction over that matter in these deficiency proceedings.

<u>Conclusion</u>

In order to reflect the foregoing,

<u>Orders granting respondent's</u>
<u>Motions to Dismiss for Lack of</u>
<u>Jurisdiction and to Strike</u>
<u>will be issued</u>.