T.C. Summary Opinion 2010-84


UNITED STATES TAX COURT


THOMAS G. AND SARA A. MARTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9629-09S.          Filed June 28, 2010.


Thomas G. and Sara A. Martin, pro sese.

<u>Matthew A. Houtsma</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

We must decide whether the Internal Revenue Service entered into a binding settlement agreement with petitioners regarding their taxable year 2006 when it cashed a check that it received from them with respect to that year. We hold that the Internal Revenue Service did not.

## Background

Virtually all of the facts have been stipulated and are so found.

Petitioners resided in Colorado at the time they filed the petition in this case.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2006 (2006 return). In that return, petitioners reported tax of $33,468 and alternative minimum tax of $1,274, or a total of $34,742. In their 2006 return, petitioners reported tax withheld of $23,926. However, only $9,926 of tax had been withheld from their wages during 2006. Although petitioners had made $14,000 in estimated tax payments for their taxable year 2006, petitioners did not report in their 2006 return any estimated tax payments for that year. Instead, the word "included" appeared on the line in that return where such payments are required to be reported.[2] In petition-

---

[2]The $23,926 of tax withheld that petitioners reported in their 2006 return is equal to the total of tax withheld from their wages during 2006 (i.e., $9,926) and the estimated tax payments that they made for that year (i.e., $14,000).

ers' 2006 return, petitioners reported tax due of $10,307, which they paid when they filed that return.

On February 23, 2009, respondent sent to petitioners a notice of deficiency for their taxable year 2006 (2006 notice). In that notice, respondent made various determinations with respect to petitioners' taxable year 2006. As a result, respondent determined that there is a deficiency of $2,166 in petitioners' tax for that year.[3]

Petitioners consulted with an accountant (petitioners' accountant) after they received the 2006 notice. On March 9, 2009, that accountant sent a letter (March 9, 2009 letter) to the Internal Revenue Service (Service) with respect to that notice. Petitioners' accountant included with that letter petitioners' check payable to the Service in the amount of $2,166, which the Service cashed. The March 9, 2009 letter stated in pertinent part:

> The [2006] notice and letter reflect some additional
> interest, dividend and capital gain income that was

---

[3]Respondent's determination in the 2006 notice of a $2,166 deficiency in petitioners' tax for their taxable year 2006 did not depend on any determinations regarding petitioners' having reported in their 2006 return that they had tax withheld of $23,926 during 2006. After having determined that deficiency, respondent indicated in that notice that petitioners erroneously reported in their 2006 return tax withheld during 2006 of $23,926 when in fact tax withheld during that year was only $9,926. As a result, respondent indicated in the 2006 notice that although the deficiency that respondent determined was $2,166, petitioners owed $17,526, which included interest as provided by law to June 11, 2008.

inadvertently omitted from the original [2006] return. The taxpayer [sic] agrees with the tax due related to those items in the amount of $2,166.00.  Enclosed is a check for that amount.

The notice does not reflect the $14,000.00 of estimated tax payments made by the taxpayer [sic] in a timely manner.  As explained in previous correspondence dated May 23, 2008 and December 9, 2008 * * *, the taxpayer [sic] inadvertently included his [sic] estimated pay-ments in the tax withheld line 64 instead of line 65 on the original return.  Per the schedule enclosed, the tax liability reflected on the original return was paid.

We request that the check in the amount of $2,166.00 be accepted as the payment of the tax in full and the payment decrease per the notice be removed due to the information presented herein.

<u>Discussion</u>

Petitioners have the burden of establishing that the Service entered into a settlement agreement with them regarding their taxable year 2006 when it cashed the check for $2,166 that it received from them in March 2009.[4]  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioners argue that the doctrine of accord and satisfac-tion requires the Court to hold that the Service entered into a settlement agreement with them regarding their taxable year 2006 when it cashed the $2,166 check that they sent to it in March 2009.  We reject that argument.  The doctrine of accord and satisfaction on which petitioners rely does not apply in deter-

--------

[4]The parties have resolved all of the determinations in the 2006 notice giving rise to the determination of the deficiency in that notice.

mining whether a valid settlement agreement exists between a taxpayer and the Service. See <u>Kehew v. Commissioner</u>, T.C. Memo. 1983-354; <u>Colebank v. Commissioner</u>, T.C. Memo. 1977-46, affd. without published opinion 610 F.2d 999 (D.C. Cir. 1979). Instead, sections 7121 and 7122 control that question. See <u>Kehew v. Commissioner</u>, <u>supra</u>.

Petitioners do not argue, and the record does not establish, that the requirements of section 7121 or section 7122 were satisfied when the Service cashed the $2,166 check that it received from them in March 2009. On the record before us, we find that the Service did not enter into a binding settlement agreement with petitioners regarding their taxable year 2006 when it cashed that check. See <u>Botany Worsted Mills v. United States</u>, 278 U.S. 282 (1929); <u>Kehew v. Commissioner</u>, <u>supra</u>; <u>Colebank v. Commissioner</u>, <u>supra</u>.

We have considered all of the contentions and arguments of petitioners that are not addressed herein, and we find them to be without merit.[5]

---

[5]Petitioners, who are not claiming an overpayment for their taxable year 2006, advance some contentions and arguments regarding certain nonassessed interest and nonrebate refunds over which the Court does not have jurisdiction. See <u>Williams v. Commissioner</u>, 131 T.C. 54, 55-56 (2008); <u>Pen Coal Corp. v. Commissioner</u>, 107 T.C. 249, 256 (1996); <u>Villafane v. Commissioner</u>, T.C. Memo. 2010-118.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.