T.C. Summary Opinion 2010-114

UNITED STATES TAX COURT

TIMOTHY D. NELSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4831-09S.                    Filed August 16, 2010.

Timothy D. Nelson, pro se.

<u>Lesley Hale</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $885. The sole issue for decision is whether petitioner is liable for the 10-percent additional tax imposed by section 72(t) on an early distribution received in 2006 from a section 401(k) plan.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of California when the petition was filed.

During 2006, at 46 years of age, petitioner received a distribution of $8,847 from a section 401(k) plan (401(k) plan). When petitioner enrolled in the 401(k) plan he requested that 10 percent of any withdrawal be withheld as Federal income tax. Therefore, when petitioner received his distribution, $885 was withheld for Federal income tax. Petitioner used the net funds distributed to pay a balance due for equipment purchased for use in his line of work.

Petitioner timely filed a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. On the return, petitioner reported the 401(k) plan distribution on the line for wages, salary, and tips, and claimed (and received) a refund of

$846 (tax withheld of $885 less tax reported of $39). Petitioner did not report the 10-percent additional tax on an early distribution under section 72(t), believing that the Federal income tax withheld from the distribution was sufficient to cover any tax owed. In a notice of deficiency, respondent determined that petitioner is liable for the 10-percent additional tax on the early distribution pursuant to section 72(t).

## Discussion

In general, the Commissioner's determination as set forth in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements.[2] Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of the amount that is includable in gross income.

_____

[2] Regardless of whether the additional tax under sec. 72(t) is a penalty or an additional amount to which sec. 7491(c) applies, and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has satisfied any burden of production with respect to the distribution. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

A qualified retirement plan includes a 401(k) plan. See secs. 401(a), (k)(1), 4974(c)(1). The 10-percent additional tax is intended to discourage premature distributions from retirement plans. Dwyer v. Commissioner, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.

The 10-percent additional tax does not apply to certain distributions, including distributions: (1) To an employee age 59-1/2 or older, or (2) to an employee after separation from service after attainment of age 55. Sec. 72(t)(2)(A)(i), (v).

Petitioner does not dispute that the $8,847 distribution from his 401(k) plan was an early distribution from a qualified plan. Indeed, petitioner properly included the distribution in gross income.

When petitioner received the distribution from the 401(k) plan, he was 46 years of age. Petitioner used the funds withdrawn from the 401(k) plan to pay a balance due for equipment purchased for use in his line of work. Regrettably for petitioner, no exception applies for that purpose; therefore, petitioner's distribution remains subject to the 10-percent additional tax. Accordingly, we must sustain respondent's determination that petitioner is liable for the section 72(t) 10-percent additional tax.

Finally, regarding petitioner's statements concerning the accrual of interest, any claim for abatement is not cognizable in

an action for redetermination of deficiency.  See sec. 6404(e), (h); Rule 280(b); see also Bax v. Commissioner, 13 F.3d 54, 56-57 (2d Cir. 1993) (Tax Court ordinarily lacks jurisdiction to consider interest on a deficiency in the context of an action for redetermination of deficiency); Pen Coal Corp. v. Commissioner, 107 T.C. 249, 255 (1996) (same).

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a result contrary to that reached herein.

To reflect the foregoing,

Decision will be entered for respondent.