156 T.C. No. 3

UNITED STATES TAX COURT

KIRGIZIA I. GRAJALES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21119-17.                    Filed January 25, 2021.

        P received early distributions from a qualified retirement plan.
R determined that under I.R.C. sec. 72(t) P is liable for a 10%
exaction on these distributions.

        <u>Held</u>:  The I.R.C. sec. 72(t) exaction is a "tax" rather than a
"penalty", "addition to tax", or "additional amount" and so is not
subject to the written supervisory approval requirement of I.R.C.
sec. 6751(b).

        <u>Held</u>, <u>further</u>, P is liable for the I.R.C. sec. 72(t) exaction with
respect to her taxable early distributions.

**Served 01/25/21**

Frank Agostino, Phillip J. Colasanto, and Andrew D. Lendrum, for

petitioner.

Jane J. Kim, Mimi M. Wong, and Francesca Chou, for respondent.


OPINION


THORNTON, Judge: By notice of deficiency, respondent determined a

$3,030 deficiency in petitioner's 2015 Federal income tax. The parties submitted

this case for decision without trial pursuant to Rule 122.[1] The sole issue is

whether the written supervisory approval requirement of section 6751(b)(1)

applies to the section 72(t) exaction on early distributions from qualified

retirement plans. We hold that it does not.

## Background

In 2015, the year in which petitioner turned 42, she took loans in connection

with her New York State pension plan. The New York State and Local Employees

Retirement System sent her a Form 1099-R, Distributions From Pensions,

Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.,

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect at all relevant times. Unless otherwise stated, all monetary amounts are rounded to the nearest dollar.

reporting gross distributions of $9,026. Petitioner timely filed her tax return for taxable year 2015 but did not report any retirement plan distributions as income.

Respondent issued petitioner a notice of deficiency determining that the $9,026 of retirement plan distributions reported on Form 1099-R should have been included in her income and were subject to a 10% additional tax on early distributions under section 72(t). Petitioner, residing in New York, timely petitioned this Court.

The parties agree that only $908.62 of petitioner's 2015 pension plan distributions is taxable as early distributions. The sole remaining issue is whether these taxable early distributions give rise under section 72(t) to a 10% additional tax of $90.86.

## Discussion

Petitioner argues that she is not liable for the section 72(t) exaction because its initial determination lacked the written supervisory approval required under section 6751(b)(1). Petitioner contends that written supervisory approval was required because the section 72(t) exaction is either a penalty or an "additional amount" within the meaning of section 6751(c).

Respondent admits that there was no such written supervisory approval but asserts that none was required because the section 72(t) exaction is not a

"penalty", "addition to tax", or "additional amount" within the meaning of section 6751(b) and (c) but rather a "tax". As explained below, we agree with respondent on this point.[2]

Under section 7491(c) respondent bears the burden of production with respect to "any penalty, addition to tax, or additional amount". This burden includes producing evidence establishing that "the initial determination of such assessment * * * [of any penalty was] personally approved (in writing) by the immediate supervisor of the individual making such determination" as required by section 6751(b)(1), unless a statutory exception applies. See Frost v. Commissioner, 154 T.C. 23, 34-35 (2020); Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Section 6751(c) defines "penalties" to include "any addition to tax or any additional amount." The question is whether the section 72(t) exaction is a "penalty", "addition to tax", or "additional amount" within the meaning of section 6751(c).

---

[2]Alternatively, respondent argues that the sec. 72(t) exaction was excepted from the written supervisory approval requirement because it was calculated automatically through electronic means. See sec. 6751(b)(2)(B). Since we hold for respondent on his primary argument, this alternative argument is moot.

Section 72(t) is captioned "10-percent additional tax on early distributions from qualified retirement plans."[3]  Section 72(t)(1) is captioned "Imposition of additional tax" and provides:  "If any taxpayer receives any amount from a qualified retirement plan * * * , the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income."[4]

In contexts apart from the application of section 6751(b)(1), this Court has held repeatedly that the section 72(t)  exaction is a "tax" and not a "penalty", "addition to tax", or "additional amount".  See, e.g., Williams v. Commissioner,

_____

[3]As the Court noted in El v. Commissioner, 144 T.C. 140, 147 n.10 (2015):

Although sec. 7806(b) provides that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of" the Code and that "descriptive matter relating to the contents of * * *[the Code cannot] be given any legal effect", we may consider the similarity of terms and provisions within the Code, as well as any descriptive matter, as an aid to interpretation.  See Corbalis v. Commissioner, 142 T.C. 46, 55 (2014) (citing Pen Coal Corp. v. Commissioner, 107 T.C. 249, 256, 258 (1996)).

[4]Sec. 72(t)(2) provides certain exceptions to the 10% exaction.  Petitioner does not argue nor does the evidence indicate that she is eligible for any of the statutory exceptions.

151 T.C. 1, 4 (2018) (holding that the section 72(t) exaction is not a "penalty, addition to tax, or additional amount" within the meaning of section 7491(c) for purposes of placing the burden of production); El v. Commissioner, 144 T.C. 140, 148 (2015) (same); Dasent v. Commissioner, T.C. Memo. 2018-202, at *7 (same); Summers v. Commissioner, T.C. Memo. 2017-125, at *5 (same); Thompson v. Commissioner, T.C. Memo. 1996-266, 1996 WL 310359, at *7 (holding that the section 72(t) exaction is a "tax" rather than a "penalty" for purposes of the joint and several liability provision of section 6013(d)(3)); Ross v. Commissioner, T.C. Memo. 1995-599, 1995 WL 750120, at *6 (same). In El v. Commissioner, 144 T.C. at 148, we explained:

> For the following reasons we are persuaded that the section 72(t) additional tax is a "tax" and not a "penalty, addition to tax, or additional amount" within the meaning of section 7491(c). First, section 72(t) calls the exaction that it imposes a "tax" and not a "penalty", "addition to tax", or "additional amount". Second, several provisions in the Code expressly refer to the additional tax under section 72(t) using the unmodified term "tax". See secs. 26(b)(2), 401(k)(8)(D), (m)(7)(A), 414(w)(1)(B), 877A(g)(6). Third, section 72(t) is in subtitle A, chapter 1 of the Code. Subtitle A bears the descriptive title "Income Taxes", and chapter 1 bears the descriptive title "Normal Taxes and Surtaxes". Chapter 1 provides for several income taxes, and additional income taxes are provided for elsewhere in subtitle A. By contrast, most penalties and additions to tax are in subtitle F, chapter 68 of the Code. * * *

Although none of these cases expressly address the characterization of the section 72(t) exaction for the purpose of applying section 6751(b) and (c), we see no reason to characterize it differently for this purpose and for other purposes under the Code.

Petitioner invites us to reconsider this Court's precedents which characterize the section 72(t) exaction as a "tax". We decline petitioner's invitation. Contrary to petitioner's assertions, and as explained in El v. Commissioner, 144 T.C. at 148, among other cases, the text of section 72(t) as well as the larger statutory structure supports the conclusion that the exaction is a tax.

In particular, we reject petitioner's argument that the section 72(t) exaction is properly considered to be an "additional amount" within the meaning of section 6751(c). "[W]e have consistently held that 'additional amounts,' particularly when it appears in a series that also includes 'tax' and 'additions to tax,' is a term of art that refers exclusively to the civil penalties enumerated in chapter 68, subchapter A." Whistleblower 22716-13W v. Commissioner, 146 T.C. 84, 95 (2016); see also Williams v. Commissioner, 131 T.C. 54, 59 n.6 (2008); Pen Coal Corp. v. Commissioner, 107 T.C. 249, 258 (1996); Bregin v. Commissioner, 74 T.C. 1097, 1102-1103 (1980) . "[A]dditional amount" appears in section 6751(c)

in conjunction with the terms "penalty" and "addition to tax". Because the section 72(t) exaction is not a civil penalty enumerated in chapter 68, it is not an "additional amount" within the meaning of section 6751(c).[5]

Petitioner contends that the Supreme Court's opinion in Nat'l Fed'n of Indep. Bus. v. Sebelius (NFIB), 567 U.S. 519 (2012), requires us to revisit our Court's well-established jurisprudence which characterizes the section 72(t) exaction as a "tax". We disagree. NFIB fully supports our Court's jurisprudence in this regard.

NFIB concerned a challenge to the constitutionality of the individual mandate of the Patient Protection and Affordable Care Act (Affordable Care Act), Pub. L. No. 111-148, 124 Stat. 119 (2010). Explaining that the same exaction might be considered either a "penalty" or a "tax" depending upon the context, the

---

[5]Petitioner advances various other arguments of statutory construction, all of which we have considered and reject as lacking merit. For instance, petitioner observes close similarities between sec. 72(t) and sec. 72(q), which imposes an increase in "tax" equal to 10% of certain taxable distributions from annuity contracts. The caption of sec. 72(q), however, unlike the caption of sec. 72(t), refers to this 10% exaction as a "penalty". Under sec. 72(q)(2)(H) a distribution to which sec. 72(t) applies is not also taxed under sec. 72(q). Petitioner posits: "If 72(t) and 72(q) are both applicable and section 72(t) is part of the income tax, then it is unclear why section 72(q) would not also apply." The short answer is that sec. 72(q) does not apply in this circumstance because Congress expressly proscribed a double exaction. This legislative proscription in no way disturbs the conclusion that the sec. 72(t) exaction is a "tax".

Court held that the individual mandate is a "penalty" for purposes of the Anti-Injunction Act but is a "tax" for purposes of constitutional analysis. NFIB, 567 U.S. at 564.

The Anti-Injunction Act provides generally that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Sec. 7421(a) (emphasis added). In NFIB, when considering whether the individual mandate is a "tax" within the meaning of the Anti-Injunction Act so as to bar the suit before it, the Court focused on "[t]he text of the pertinent statutes", as "the best evidence of Congress's intent". NFIB, 567 U.S. at 543-544. Noting that the Affordable Care Act labels the individual mandate a "penalty" rather than a "tax", the Court treated it as a "penalty" for purposes of the Anti-Injunction Act.

For purposes of its constitutional analysis, on the other hand, the Court explained that "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." Id. at 563 (quoting Hooper v. California, 155 U.S. 648, 657 (1895)). For this purpose the Court applied a "functional approach", id. at 565, whereby it examined various characteristics of the individual mandate and concluded that it "may reasonably be characterized as a

tax", id. at 574.[6]  Accordingly, the Court held that the individual mandate was a constitutional exercise of Congress' power to tax under Article I, Section 8, of the Constitution.  The Court explained:

> It is of course true that the [Affordable Care] Act describes the payment as a 'penalty,' not a 'tax.'  But while that label is fatal to the application of the Anti-Injunction Act, * * * it does not determine whether the payment may be viewed as an exercise of Congress's taxing power.  It is up to Congress whether to apply the Anti-Injunction Act to any particular statute, so it makes sense to be guided by Congress's choice of label on that question.  That choice does not, however, control whether an exaction is within Congress's constitutional power to tax.

Id. at 564.

Petitioner contends that we should employ the NFIB "functional approach", i.e., the approach that the Court applied in its constitutional analysis, and conclude that the section 72(t) exaction is a "penalty" rather than a "tax".  We disagree.  The instant case presents no constitutional issue--neither party contends that section

---

[6]In its constitutional analysis the Court cited the following characteristics of the individual mandate as supporting its treatment as a "tax":  It  is "paid into the Treasury by 'taxpayer[s]' when they file their tax returns", Nat'l Fed'n of Indep. Bus. v. Sebelius (NFIB), 567 U.S. 519, 563 (2012); its applicability depends upon income tax filing thresholds and "its amount is determined by such familiar factors as taxable income, number of dependents, and joint filing status", id.; it is "found in the Internal Revenue Code and enforced by the IRS", id.; it produces "some revenue for the Government", id. at 564; it does not impose a "heavy burden", id. at 565; it "contains no scienter requirement", id. at 566; and it is "collected solely by the IRS through the normal means of taxation", id.

72(t) is unconstitutional. Consequently the "functional approach" as employed in the NFIB constitutional analysis is inapposite.[7] Rather, because the issue before us is one of statutory construction, NFIB, 567 U.S. 544, directs us to look to the statutory text as "the best evidence of Congress's intent". "[I]t makes sense to be guided by Congress's choice of label" in this regard. Id. at 564. As discussed above, section 72(t) expressly labels its exaction a "tax", consistently with the larger statutory structure. See El v. Commissioner, 144 T.C. at 148.

Petitioner relies upon various bankruptcy court cases, including United States v. Daley (In re Daley), 315 F. Supp. 3d 679 (D. Mass. 2018), which followed United States ex rel. IRS v. Dumler (In re Cassidy), 983 F.2d 161 (10th Cir. 1992), in holding that the section 72(t) exaction is a penalty for bankruptcy purposes. This Court has previously held that In re Cassidy is "not controlling" in characterizing the section 72(t) exaction for tax purposes because "the Court of Appeals' holding was based on the application of bankruptcy policy and was

---

[7]In any event we do not see that the "functional approach" is helpful to petitioner's case. The sec. 72(t) exaction shares most of the characteristics that NFIB cited as supporting its treatment of the individual mandate as a "tax" for constitutional purposes. Indeed, in varying degrees, virtually all civil sanctions under the Code share such characteristics. See, e.g., Helvering v. Mitchell, 303 U.S. 391, 405 (1938) ("Obviously all of these 'additions to the Tax' were intended by Congress as civil incidents of the assessment and collection of the income tax.").

limited to determining priority of claims in bankruptcy proceedings." Ross v. Commissioner, 1995 WL 750102, at *6. For the same reason, In re Daley and the various other bankruptcy cases which petitioner cites are not controlling in the instant case. As NFIB, 567 U.S. at 543-544, 574, teaches, an exaction may be a "tax" for one purpose and a "penalty" for another purpose, depending on the context.

In conclusion, we see no reason to stray from this Court's well-established jurisprudence holding that the section 72(t) exaction is a "tax" rather than a "penalty", "addition to tax", or "additional amount". Nor do we see any reason to characterize the section 72(t) exaction differently for purposes of section 6751(b) and (c) and for other purposes under the Code. Accordingly, we hold that for purposes of section 6751(b) and (c), the section 72(t) exaction is a "tax" and not a "penalty", "addition to tax", or "additional amount". Consequently, the written supervisory approval requirement of section 6751(b) is inapplicable to the section 72(t) exaction.

Petitioner has alleged no facts and produced no evidence showing that she should not be liable for the section 72(t) exaction with respect to the $908.62 of early distributions which the parties have agreed are includible in her taxable income for 2015. See Bunney v. Commissioner, 114 T.C. 259, 265-266 (2000)

(placing the burden on the taxpayer to prove entitlement to any exception under section 72(t)(2)(A)).  We hold that she is liable for $90.86 of additional tax under section 72(t).  In order to determine the overall deficiency taking into account respondent's concession as to the amount of taxable early distributions,

Decision will be entered under

Rule 155.
