ROBERT BREGIN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4178–78.     Filed August 25, 1980.

Robert Bregin, pro se.
*William E. Bogner,* for the respondent.

SIMPSON, *Judge:* The Commissioner determined a deficiency of $73 in the petitioner's Federal income tax for 1974. The issues for decision are: (1) Whether the petitioner received unreported wages in the amount of $320 during the year in issue; and (2) whether this Court has jurisdiction to consider the Commissioner's claim for an amount erroneously refunded to the petitioner because he overstated the credit for taxes withheld on his wages.

FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioner, Robert Bregin, resided in Evergreen Park, Ill., at the time he filed the petition in this case. He filed an individual Federal income tax return for 1974 with the Internal Revenue Service.

During 1974, the petitioner was employed by Rainer Obst at European Car Service. He received three different Wage and Tax Statements, Forms W–2, from Mr. Obst for such year, which contained the following information:

|  | Wages | Federal income tax withheld |
|---|---|---|
| W–2 No. 1 | $1,426.13 | $200.52 |
| W–2 No. 2 | 4,820.00 | 434.53 |
| W–2 No. 3 | 4,820.00 | 744.95 |

The petitioner made several requests for a W–2 from Mr. Obst before receiving W–2 No. 1. The petitioner did receive W–2 No. 1 before he filed his 1974 income tax return, and he attached such W–2 to his return. He received W–2 No. 2 in July 1975 and W–2 No. 3 in August 1975. The petitioner maintained no record showing the total amount of wages he received during 1974 from Mr. Obst, nor the total amount of taxes withheld thereon.

The petitioner also worked for Demetrios Papageorgiou at Bridgeview Texaco during 1974. The W–2 the petitioner received from Mr. Papageorgiou showed wages of $550 and Federal income tax withheld of $84.20. The petitioner attached such W–2 to his 1974 return.

The petitioner was also employed by Goodyear Tire & Rubber

Co. (Goodyear) during 1974. The W-2 that he received from that company showed wages of $1,996.54 and Federal income tax withheld of $338.02 for 1974. The petitioner attached the W-2 from Goodyear to his 1974 return.

When the petitioner prepared his 1974 Federal income tax return, he used the information contained on the W-2s received from Mr. Papageorgiou and Goodyear to calculate his wages and taxes withheld thereon, but he did not use the information on the W-2 from Mr. Obst since he believed such information to be incorrect. Thus, he estimated the amount of wages received from Mr. Obst and the taxes withheld thereon and calculated his total wages and taxes withheld for the year in issue in the following manner:

| Employer | Wages | Taxes withheld |
|---|---|---|
| Rainer Obst | $4,500.00 | $1,500.00 |
| Demetrios Papageorgiou | 550.00 | 84.20 |
| Goodyear | 1,996.54 | 338.02 |
| Amounts reported on 1974 return | 7,046.54 | 1,922.22 |

When the petitioner filed his return for 1974 on March 5, 1975, he also submitted an Employee's Substitute Wage and Tax Statement (Form 4852) with the return. On such form, he stated that Mr. Obst was his employer and reported gross wages of $4,500, and $1,500 as the amount of Federal income tax withheld. The petitioner also stated on such form:

When I confronted him with the fact that my W-2 was wrong, he tried to settle for 457.58—which I took but he still refuses to pay the rest. * * * $1,500.00 is the closest possible figure which would include all federal, state, & soc. security taxes he did withhold. In the time I worked, he kept saying that almost ⅓ of my salary was taxes & that's what he withheld.

The petitioner reported no other income on his 1974 return. Using the tax table for single filing status and taking one exemption, he determined that his 1974 Federal income tax was $895 on adjusted gross income of $7,046.54. He believed that he should subtract the amount which he had collected from Mr. Obst from the total taxes which he had reported as withheld on his wages. Therefore, he calculated the amount of his refund as follows:

| | |
|---|---:|
| Total Federal income tax withheld ............. | $1,922.22 |
| Less: "Amount I have collected from him" | 457.58 |
| Subtotal .............................................. | 1,464.64 |
| Less: Income tax from table ................... | 895.00 |
| Amount to be refunded......................... | 569.64 |

When the IRS processed the petitioner's 1974 return, it overlooked the amount which he had subtracted from the total taxes withheld on wages and recomputed his refund as follows:

| | |
|---|---:|
| Total Federal income tax claimed to have been withheld.................. | $1,922.22 |
| Less: Income tax from table................... | 895.00 |
| Subtotal .............................................. | 1,027.22 |
| Plus: 1974 tax rebate............................ | 100.00 |
| Total amount refunded......................... | 1,127.22 |

In his notice of deficiency issued on January 24, 1978, the Commissioner determined that the petitioner received $4,820 of wages from Mr. Obst during 1974 and that, therefore, he had unreported wages of $320. Such determination resulted in a deficiency of $73.

On April 16, 1979, the Commissioner filed a motion for leave to file an amendment to his answer for the purpose of setting forth a claim for an increase in the deficiency in the amount of $755.05. He contends that the $1,500 listed by the petitioner as the amount withheld from his wages by Mr. Obst during 1974 was erroneous and that the correct amount withheld by Mr. Obst was $744.95. Thus, the Commissioner computed the correct total amount withheld on wages to be $1,167.17. The Commissioner computed the increased deficiency as follows:

| | | |
|---|---:|---:|
| Deficiency in notice...................................... | | $73.00 |
| Tax withheld listed on return........ | $1,922.22 | |
| Less: Corrected tax withheld.......... | 1,167.17 | 755.05 |
| Total deficiency due from petitioner.............. | | 828.05 |

OPINION

The first issue is whether the petitioner received unreported wages in the amount of $320 from Mr. Obst during the year in issue. The burden is on the petitioner to prove that the Commissioner's determination is erroneous. Rule 142(a), Tax

Court Rules of Practice and Procedure; *Welch v. Helvering*, 290 U.S. 111 (1933).

The first W–2 that the petitioner received from Mr. Obst stated that the petitioner's wages for 1974 were $1,426.13. Although he attached this form to his 1974 tax return, he did not use the amount in computing his gross income; instead, he estimated that his income from Mr. Obst was $4,500, and he used this figure in calculating his total wages for the year in issue. The Commissioner maintains that the correct amount of wages received by the petitioner from Mr. Obst was $4,820. His determination is based on the second and third W–2 statements which Mr. Obst sent to the petitioner. Both forms show that the petitioner received wages of $4,820.

It is evident from the petitioner's course of conduct that he himself realized that the amount reported by Mr. Obst on the first W–2 was in error. That is undoubtedly the reason he sought additional W–2 forms from his employer, and why he disregarded the information on the first W–2 in filling out his tax return. He also admitted that the $4,500 reported by him as wages from Mr. Obst was an estimate. He offered no evidence to rebut the Commissioner's determination, and he admitted that he kept no records showing the total amount of wages he received during 1974. Under such circumstances, we must hold that the petitioner has failed to carry his burden of proving that the Commissioner's determination is erroneous and that the petitioner received additional income from Mr. Obst in the amount of $320 which he failed to report on his 1974 income tax return.

The second issue we must decide is whether this Court has jurisdiction to consider the Commissioner's claim for an amount refunded to the petitioner because of an overstatement on his 1974 tax return of the amount of taxes withheld on his wages.

Generally, the jurisdiction of this Court is restricted to a review of deficiencies determined by the Commissioner.[1] Rule 13, Tax Court Rules of Practice and Procedure. "Deficiency" is a

---

[1]For the purposes of this case, we are not concerned with the Court's jurisdiction to determine the liability of a transferee (sec. 6901), to issue declaratory judgments in certain cases (secs. 7428, 7476, 7477, and 7478), or to adjudicate certain disclosure actions (sec. 6110).

term of art defined in section 6211 of the Internal Revenue Code of 1954,[2] which in general provides that a deficiency is the amount by which the income, gift, or estate tax due under the law exceeds the amount of such tax shown on the return. Whether a claim by the Commissioner for additional taxes is a deficiency or not has several significances: If it is a deficiency within the meaning of section 6211, the Commissioner cannot proceed to assess and collect the claim without first sending the taxpayer a notice of deficiency. The notice of deficiency allows the taxpayer to seek judicial review of the proposed deficiency before payment thereof. Sec. 6213(a). On the other hand, if the claim is not such a deficiency, the Commissioner can make an immediate assessment and demand payment thereof. See, e.g., sec. 6201(a)(1).

Section 6211 expressly provides that in determining whether there is a deficiency, both the amount of tax due under the law and the amount of tax shown on the return are to be determined without taking into consideration any credit for taxes withheld on wages. Sec. 6211(b)(1). Thus, the Commissioner recognizes that his claim based on the petitioner's overstatement of the taxes withheld on his wages does not constitute a deficiency within the meaning of section 6211. However, he presents two arguments in support of his position that we do have jurisdiction over the claim.

In the first place, the Commissioner maintains that his claim is for an "additional amount" within the meaning of section 6214(a), which provides:

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

However, for several reasons, we cannot agree with his argument.

The term "additional amount" appears in chapter 68 of the

---

[2] All statutory references are to the Internal Revenue Code of 1954 as in effect during 1974, unless otherwise indicated.

Internal Revenue Code of 1954, which relates to "Additions to the Tax, Additional Amounts, and Assessable Penalties." Section 6651 imposes an "Addition to the Tax" for filing a delinquent return. Section 6652 requires a person to pay certain amounts if he fails to file certain required statements or returns. Section 6653 imposes additions to the tax for underpayments of tax due to negligence or fraud. Sections 6654 and 6655 impose additions to the tax for underpayments of estimated taxes. Section 6659 contains certain rules for the application of such sections and refers to "additions to the tax, additional amounts, and penalties provided by this chapter." Thus, as used in chapter 68, the term "additional amount" means one of the assessable civil penalties referred to in such chapter, and it appears that the same meaning was intended in section 6214(a), especially since it refers to both additional amounts and additions to the tax.

Section 6214(a) was initially enacted as a part of the Revenue Act of 1926. In addition to authorizing the Court to redetermine a deficiency, the statute provided that the Court had the authority "to determine whether any penalty, additional amount or addition to the tax should be assessed." Sec. 274(e), Revenue Act of 1926, ch. 27, 44 Stat. 56. The same words were carried forward to section 272(e) of the Internal Revenue Code of 1939. The reference to "penalty" was omitted from section 6214(a), but the committee reports accompanying the 1954 Code declare that no material change was made in the provision. H. Rept. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. A405 (1954). The reference to penalties in the predecessor of section 6214(a) furnishes additional reason to believe that the authority given to the Court by such provision was intended only to refer to claims for the civil penalties.

The implication of the statute is reinforced by the legislative history. The authority "to determine whether any penalty, additional amount or addition to the tax should be assessed" was added by the Senate in 1926, and in explanation of the reasons for the provision, the Finance Committee report stated:

Under the existing law and the House bill the 5 per cent and 50 percent additions to the tax in case of negligence or fraud are to be assessed and collected in the same manner as if they were a deficiency, i.e., can only be assessed after the taxpayer has been sent a notice by registered mail. It sometimes occurs that after the deficiency letter has been sent out fraud or negligence is for the first time discovered by the Commissioner. In order to avoid the necessity of sending out a second notice to the taxpayer in such cases

and other similar cases, it is provided in section 274(e) that the Board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed * * * [S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 332, 353.]

By such statements, the committee made clear that the new authority was to enable the Court to determine a claim for negligence, fraud, or other similar penalty which otherwise would be the subject of a notice of deficiency. Therefore, the legislative history of section 6214(a) indicates that the provision was not designed to have the broad meaning urged by the Commissioner.

Indeed, Congress has given the Commissioner authority to recover any amounts due as a result of the taxpayer's overstating the taxes withheld on his wages without the necessity of issuing a notice of deficiency. Section 6201(a)(3) provides in part:

(3) ERRONEOUS INCOME TAX PREPAYMENT CREDITS.—If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source * * * the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund may be assessed by the Secretary in the same manner as in the case of a mathematical error appearing upon the return * * *

Section 6213(b)(1) allows the Commissioner to assess any additional taxes due to a mathematical error without sending a notice of deficiency. The report of the Ways and Means Committee explained that such provision allows the Commissioner to make an immediate assessment of any taxes due as a result of an erroneous claim of a credit for taxes withheld on wages, and that the provision eliminates the necessity of the Commissioner's having to seek to recover such amount by a suit in court. H. Rept. 1337, *supra* at A404.

A review of this legislative history shows that the Commissioner need not issue a notice of deficiency to recover a refund resulting from an overstatement of the taxes withheld on wages. When there is a deficiency at issue in a case before this Court, there might be an administrative advantage in allowing the Commissioner to include a claim based on an overstatement of taxes withheld. Compare sec. 6659(b). However, there is no indication that section 6214(a) was intended to provide him with an alternative method for recovering on such a claim. Furthermore, if the Commissioner is allowed to raise his claim in this

proceeding, he would be allowed to recover on a claim that would otherwise be barred by the statute of limitations. At the time he sought to amend his answer to include the claim in this case, the statute of limitations had already run on an immediate assessment of the claim. But see *Teitelbaum v. Commissioner*, 346 F.2d 266, 267 (7th Cir. 1965), affg. a Memorandum Opinion of this Court; *Weaver v. Commissioner*, 25 T.C. 1067, 1086 (1956); *Ticker Publishing Co. v. Commissioner*, 46 B.T.A. 399 (1942), which allow the Commissioner to claim an increased deficiency after the expiration of the statute of limitations.

We must also reject the Commissioner's alternative argument that under section 6213(b)(2), this Court has jurisdiction to consider his claim based on the petitioner's overstatement of the taxes withheld on his wages. Section 6213(b)(2)(A), which was enacted by the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1703, provides:

(2) ABATEMENT OF ASSESSMENT OF MATHEMATICAL OR CLERICAL ERRORS.—
    (A) REQUEST FOR ABATEMENT.—Notwithstanding section 6404(b), a taxpayer may file with the Secretary within 60 days after notice is sent under paragraph (1) a request for an abatement of any assessment specified in such notice, and upon receipt of such request, the Secretary shall abate the assessment. Any reassessment of the tax with respect to which an abatement is made under this subparagraph shall be subject to the deficiency procedures prescribed by this subchapter.

The Commissioner argues that the erroneous refund to the petitioner was like a mathematical error and that, therefore, it could have been the subject of a notice of deficiency under section 6213(b)(2).

The Commissioner's reliance on section 6213(b)(2) is misplaced. Such section is applicable only to tax returns filed after December 31, 1976. The petitioner filed the return in this case in 1975. Accordingly, we hold that we do not have jurisdiction over the Commissioner's claim based on the petitioner's overstatement of the taxes withheld on his wages since such amount is not a deficiency within the meaning of section 6211. The Commissioner's motion for leave to amend his answer will be denied.

*Decision will be entered for the respondent.*