T.C. Memo. 2020-62

UNITED STATES TAX COURT

LORD S. POPE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3411-19.                           Filed May 18, 2020.

<u>Frank Agostino</u> and <u>Phillip J. Colasanto</u>, for petitioner.

<u>Jeremy M. Innocent</u> and <u>Gennady Zilberman</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>: This case arises from an adjustment to petitioner's 2017 tax liability on account of overstated withholding credits claimed on his timely filed 2017 return. On April 15, 2018, the Internal Revenue Service (IRS or respondent) assessed $7,856 of tax under section 6201(a)(3), corresponding to the

[*2] amount of excess withholding credits petitioner had claimed.[1]  The IRS then sent him a notice of deficiency, determining for 2017 a deficiency of zero and an overpayment of $1,215.  Respondent has filed a motion to dismiss, contending that we lack jurisdiction under section 6213 or otherwise with respect to the adjustment in question.  Agreeing with that submission, we will grant respondent's motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits.  Petitioner resided in New York when he filed his petition.

For 2017 petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, listing his occupation as "supervisor."  On this return he reported wages of $42,163, adjusted gross income (AGI) of $28,855, taxable income of $14,405, and tentative tax of $1,698.  On lines 49 and 52 he claimed child care and child tax credits totaling $1,698, reducing his tax liability to zero.  He reported $8,929 as "Federal income tax withheld" and $142 as an additional child tax credit, for total

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[*3] payments of $9,071. He claimed an overpayment of that amount and asked that this sum be refunded to him.

The IRS selected petitioner's 2017 return for examination. On the basis of third-party reporting the IRS determined that petitioner had received only $2,448 of wages during 2017, from which his employers had withheld Federal income tax of $1,073. On April 15, 2018, the IRS assessed tax of $7,856 on account of the excess withholding credits petitioner had claimed ($8,929 minus $1,073).

On October 10, 2018, the IRS issued petitioner a Letter 4800C, Question-able Credit 30 Day Contact Letter. Respondent describes this document as "the initial contact for the Automated Questionable Credit Program on fraudulent wages, withholding, or noncompliant credits." This letter informed petitioner that $7,856 of his 2017 withholding credits had been disallowed. Petitioner does not appear to have responded to that letter.

On November 20, 2018, the IRS issued petitioner a notice of deficiency ex-plaining that it had been unable to verify his reported wages and withholding. The first page of the notice stated that his deficiency for 2017 was "$.00," indicating that "the computation at the end of this letter shows how we figured the deficien-cy." The "tax deficiency computation" at the end of the letter shows the "change in tax shown on return" as zero, the "decrease to refundable credits" as zero, and

[*4] the "tax deficiency" as zero. The only adjustments appearing in this computation are a $26,407 downward adjustment to petitioner's AGI and a $7,856 reduction in withholding credits.

The second page of the notice of deficiency stated, erroneously, that "we also adjusted your refundable credits." Asserting that "you claimed the earned income credit for income you earned while you were an inmate," the notice stated that "we adjusted the credit claimed on your tax return because amounts received for work performed while an inmate don't qualify as earned income." But petitioner had not claimed an earned income credit (EIC) on his 2017 return. The only refundable credits he had claimed were the child care, child tax, and additional child tax credits, which he reported on lines 49, 52, and 67. (Had he claimed an EIC, it would have been reported on line 66a.) The tax deficiency computation attached to the notice of deficiency correctly shows the "decrease to refundable credits" as zero.

The notice of deficiency informed petitioner that the IRS had withheld a refund of $9,071 for 2017 and that he had an "overpayment" of $1,215 for 2017. On March 15, 2019, the IRS issued petitioner a refund of $1,273, representing his overpayment of $1,215 (the $1,073 of verified withholding credits plus the $142 additional child tax credit), plus interest of $58.

**[\*5]**   Petitioner timely petitioned this Court in response to the notice of deficiency.  He alleged in his petition (among other things) that he was not "an inmate" during 2017 and had not been incarcerated at any time during that year.  On January 3, 2020, respondent filed a motion to dismiss the case for lack of proper prosecution.  But when the case was called from the calendar at the Court's January 13, 2020, New York trial session, petitioner appeared, and pro bono counsel entered an appearance for him.  Respondent thereupon withdrew his motion to dismiss for lack of prosecution and concurrently filed a motion to dismiss for lack of jurisdiction, contending that there exists no deficiency, within the meaning of section 6211, that this Court has jurisdiction to redetermine.  See sec. 6213(a).  Petitioner timely objected to the latter motion.

## Discussion

A.   Jurisdiction

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976).  "Jurisdiction must be shown affirmatively, and petitioner, as the party invoking our jurisdiction * * * , bears the burden of proving that we have jurisdiction over * * *

**[*6]** [the] case." <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268, 270 (2000), <u>aff'd</u>, 22 F. App'x 837 (9th Cir. 2001).

Section 6212(a) authorizes the IRS to send the taxpayer a notice of deficiency, and section 6213(a) grants this Court jurisdiction to make a "redetermination of the deficiency" determined by the IRS. A "deficiency" is defined as the amount by which the tax imposed for the year (i.e., the correct amount of tax) exceeds "the amount shown as the tax by the taxpayer upon his return" plus any "amounts previously assessed * * * as a deficiency." Sec. 6211(a)(1). Section 6211(b)(1) in turn provides that "the tax imposed * * * and the tax shown on the return shall both be determined * * * without regard to credit under section 31." Section 31, captioned "Tax withheld on wages," provides: "The amount withheld as tax [by an employer] under chapter 24 shall be allowed to the recipient of the income as a credit against the [income] tax." Sec. 31(a)(1).

Because the correct tax for the year and the tax shown on the return are both determined "without regard to the credit under section 31," withholding credits (and overstatements thereof) are necessarily excluded from "deficiencies" as defined by section 6211(a)(1). And because our jurisdiction as relevant here is limited to "redetermination of the deficiency" determined by the IRS, we lack jurisdiction to redetermine an adjustment to withholding credits. <u>See</u> <u>Bregin v.</u>

**[*7]** <u>Commissioner</u>, 74 T.C. 1097, 1102 (1980) (denying an IRS motion for leave to amend answer to disallow overstated section 31 credits, ruling that a "claim based on * * * overstatement of the taxes withheld * * * does not constitute a deficiency within the meaning of section 6211").

That withholding credit adjustments lie outside our deficiency jurisdiction is confirmed by section 6201(a)(3). It provides that if an "overstatement of the credit for income tax withheld" appears on a tax return, then the amount of the overstatement "may be assessed by the Secretary in the same manner as in the case of a mathematical or clerical error." <u>Ibid.</u> Adjustments for mathematical and clerical errors typically are assessed summarily outside deficiency procedures. <u>See</u> sec. 6213(b)(1). As authorized by section 6201(a)(3), the IRS summarily assessed the $7,856 of overstated withholding credits on April 15, 2018, and it subsequently refunded to petitioner the balance of the refund he had claimed for 2017.[2]

_____

[2]Petitioner notes that section 6201(a)(3) is written permissively, providing that withholding credit overstatements "may be assessed" in the same manner as mathematical or clerical errors. According to petitioner, this means that withholding credit overstatements may <u>also</u> be assessed following deficiency procedures. But the overstatement here was summarily assessed on April 15, 2018; the notice of deficiency was not issued to petitioner until six months after that assessment was made. In any event section 6201(a)(3) does not address this Court's jurisdiction, and petitioner cites no authority for treating withholding credit overstatements as "deficiencies" subject to our jurisdiction under section 6213(a).

**[\*8]**   In this case the sole adjustment to petitioner's 2017 tax liability consisted of a $7,856 reduction in the withholding credits he had claimed on his return.  That adjustment did not create a "deficiency" within the meaning of section 6211.  Because no deficiency was determined, we lack jurisdiction to redetermine any deficiency under section 6213(a).[3]

B.     Petitioner's Arguments

Petitioner's principal contention is that we have jurisdiction under <u>Dees v. Commissioner</u>, 148 T.C. 1 (2017).  The taxpayer there claimed, and the IRS disallowed, a refundable credit under section 36B.  The IRS issued him a notice of deficiency showing on the first page a deficiency of zero, with an attached computation that inconsistently showed that the IRS had disallowed the refundable credit he had claimed.  The question was whether the IRS had issued Mr. Dees a valid notice of deficiency so as to confer jurisdiction on this Court.

We enunciated in <u>Dees</u> a two-step test to guide our answer to this question.  We first review the notice objectively to determine whether it is adequate to in

---

[3]Petitioner attached to his response to respondent's motion to dismiss for lack of jurisdiction a pay stub and a pair of Forms W-2, Wage and Tax Statement, that purport to show tax withholding in excess of the amounts that the IRS verified through third-party reporting.  Because we lack jurisdiction to redetermine the adjustments to petitioner's 2017 liability, we do not consider these documents or his assertion that he did not actually overstate his withholding credits.

**[\*9]** form a reasonable taxpayer that the Commissioner has determined a deficiency. If that step is satisfied, the notice of deficiency is valid, and we do not look beyond the notice. Id. at 6. If the notice of deficiency is ambiguous, then the party seeking to establish our jurisdiction bears the burden of proving that the Commissioner has determined a deficiency and that "the taxpayer was not misled by the ambiguous notice." Ibid. We held in Dees that we had jurisdiction under this test: Although the notice of deficiency was ambiguous, the Commissioner had determined a deficiency by disallowing the refundable credit, and the taxpayer's timely filing of a petition showed that he was not misled by the ambiguity. Id. at 9.

Petitioner's reliance on Dees is misplaced. In this case the cover page of the notice of deficiency and the attached tax computation both show a deficiency of "$.00." Indeed, the attached computation informs petitioner that he had an "over-payment" of $1,215 for 2017, which the IRS later refunded to him. The text of the notice erroneously refers to an EIC, a refundable credit that (if disallowed) could generate a deficiency. See sec. 6211(b)(1). But petitioner had not claimed an EIC on his 2017 return, and the attached tax computation correctly and unambiguously shows that the "decrease to refundable credits" was zero.

[*10] Even if the notice of deficiency here were thought to be ambiguous, we would lack jurisdiction under the second step in <u>Dees</u>. In the case of an ambiguous notice, the party seeking to establish our jurisdiction must show at a minimum that "the Commissioner made a determination" of a deficiency. <u>Dees</u>, 148 T.C. at 6; <u>see</u> <u>U.S. Auto Sales, Inc. v. Commissioner</u>, 153 T.C. __, __ (slip op. at 8). The notice in <u>Dees</u> showed that the Commissioner had determined a deficiency by disallowing a refundable credit, stating: "A decrease to refundable credit results in a tax increase." <u>See</u> <u>Dees</u>, 148 T.C. at 9. By contrast the notice of deficiency here disallowed no refundable credits, correctly stating that the "decrease to refundable credits" was zero. The only credits that the notice showed as being disallowed were withholding credits of $7,856, which are excluded from the computation of a "deficiency." <u>See</u> <u>supra</u> pp. 6-8. In short, whether or not the notice issued to petitioner is thought ambiguous, the IRS indisputably determined no "deficiency" that we would have jurisdiction to review under section 6213(a).

Petitioner alternatively contends that section 6512(b)(1) grants us independent jurisdiction to review the disallowance of his withholding credits. It provides: "[I]f the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that

[*11] there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment." Sec. 6512(b)(1).

Section 6512(b)(1) has no application here.  By its terms it presupposes that "the Secretary [has] determined [a] deficiency" for the taxable year, thus conferring jurisdiction on this Court under section 6213(a).  Once we have jurisdiction under section 6213(a), section 6512(b)(1) allows us to determine an overpayment if we find an overpayment to exist.  Respondent has determined no deficiency. Petitioner cites no authority (and there is no authority) for the proposition that section 6512(b)(1) grants us freestanding jurisdiction to determine overpayments in the absence of a valid notice of deficiency.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.