T.C. Summary Opinion 2021-20

UNITED STATES TAX COURT

MAHER BASSILY AND NERMINE BASSILY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3404-19S.                    Filed July 19, 2021.

Maher Bassily and Nermine Bassily, pro sese.

<u>Daniel Z. Nettles</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (NOD) dated November 13, 2018, the Internal Revenue Service (IRS or respondent) determined a deficiency in petitioners' Federal income tax for the taxable year 2016 of $200. Although the deficiency determined is $200, respondent adjusted a foreign tax credit of $3,550 which petitioners reported as a portion of their Federal income tax withheld during tax year 2016.

After concessions,[2] the issues for decision are:

(1) whether petitioners received and failed to report taxable retirement income of $479;

(2) whether petitioners received and failed to report payments in lieu of dividends of $112; and

(3) whether petitioners are entitled to a foreign tax credit of $3,550.

---

[1](...continued)
Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners concede that they received and failed to report taxable dividends of $9.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioners are married and lived in California when the petition was timely filed.

Petitioner Maher Bassily jointly owned two brokerage accounts, one with each of his sons, David Bassily and Daniel Bassily. Each of the brokerage accounts generated foreign-source income during tax year 2016. The Canadian Government withheld a total of $3,550 in taxes from the income earned on the brokerage accounts in 2016.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for the 2016 tax year, but they did not report any foreign source income on their income tax return. Instead, all of the foreign source income related to the brokerage accounts that petitioner Maher Bassily owned jointly with his sons was reported on his son Daniel Bassily's 2016 Federal income tax return.

Despite the fact that petitioners did not report any of the foreign source income earned from the brokerage accounts on their tax return, they apparently attempted to make an election to claim a credit for foreign taxes paid related to the brokerage accounts by attaching a Form 1116, Foreign Tax Credit (Individual, Estate, or Trust), to their Form 1040. On the Form 1116 petitioners reported

$3,550 in total foreign taxes paid or accrued during the 2016 year and zero foreign source income. Petitioners reported a foreign tax credit of zero on both the Form 1116 and the Form 1040 for the year in issue.

Rather than claim the foreign tax credit on the line designated for that credit on the tax return, petitioners added the $3,550 of foreign taxes to the total Federal income taxes withheld as reported on Form 1040. Thus, while petitioners' Federal tax withholding amounted to $40,985, the Form 1040 reflected withholding of $44,535 (the amount of Federal withholding plus the $3,550 in foreign taxes withheld by the Canadian Government).

Respondent conducted an examination of petitioners' return for 2016. On the basis of the third-party-reported income information, respondent adjusted petitioners' reported income to reflect unreported income they received including: (1) taxable retirement income of $479, (2) dividends received of $9, and (3) payments in lieu of dividends received of $112. As a result, respondent issued the NOD dated November 13, 2018, for the 2016 tax year. Respondent determined a deficiency in petitioners' Federal income tax of $200, disallowed petitioners' claimed foreign tax credit of $3,550, and reduced the amount of Federal income tax petitioners reported withheld by the amount of the disallowed foreign tax credit.

## Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Like deductions, tax credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Segel v. Commissioner, 89 T.C. 816, 842 (1987). Taxpayers must also maintain adequate records to substantiate the amounts of any credits. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege or otherwise show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

II.   Unreported Income

Gross income includes all income from whatever source derived. Sec. 61(a). In addition to the concession of $9 noted supra note 2, petitioners concede that they received payments totaling $591 that they did not report on their 2016

Federal income tax return; however, they argue that the payments were not required to be included as income. Specifically petitioners argue that $479 in unreported retirement income related to a rollover of retirement savings from one plan into another and $112 in unreported payments in lieu of dividends related to a refund of fees paid into a Merrill Lynch investment account that petitioner Maher Bassily owned jointly with his son Daniel.

Where the stipulated and undisputed facts in a case establish underreporting of income by taxpayers, it is the taxpayers' burden to come forward with evidence that they are entitled to additional offsets or deductions. See, e.g., United States v. Marabelles, 724 F.2d 1374, 1379 n.3 (9th Cir. 1984); Elwert v. United States, 231 F.2d 928, 933 (9th Cir. 1956). The Commissioner need only establish that taxpayers received unreported income and that nondisclosure resulted in tax deficiencies. United States v. Campbell, 351 F.2d 336, 338-339 (2d Cir. 1965); Barragan v. Commissioner, T.C. Memo. 1993-92, aff'd without published opinion, 69 F.3d 543 (9th Cir. 1995). As noted above, respondent has established that petitioners received unreported income and that the unreported income resulted in a tax deficiency. Petitioners have not presented any evidence that the aforementioned unreported income items were nontaxable. With respect to the unreported retirement income, petitioners have not presented evidence that the

income was subject to tax-free rollover treatment. See secs. 402(c)(4), 403(a)(4), (b)(8), 408(d)(3)(A). With respect to the unreported payments in lieu of dividends, petitioners have not presented any evidence that the income was a refund of fees. Accordingly, we sustain respondent's determinations with respect to all unreported income items.

III.  Foreign Tax Credit

Section 901(a) generally allows a taxpayer a credit for foreign income taxes paid, subject to the limitation imposed by section 904, which in turn limits the credit to the amount of U.S. tax on foreign income. See generally secs. 901, 904. Although they did so in an incorrect manner, petitioners attempted to claim a foreign tax credit on their 2016 income tax return and have put the credit at issue in this case. Therefore, while we do not have jurisdiction to enter a decision as to the adjustment to Federal income tax withholding, which is not subject to deficiency procedures, see Bregin v. Commissioner, 74 T.C. 1097, 1102 (1980) (denying an IRS motion for leave to amend answer to disallow overstated section 31 credits, ruling that a "claim based on * * * overstatement of the taxes withheld * * * does not constitute a deficiency within the meaning of section 6211"), we do have jurisdiction to review petitioners' entitlement to a foreign tax credit, see Ax

v. Commissioner, 146 T.C. 153, 160 (2016) ("Tax Court deficiency litigation may extend beyond issues raised in the notice of deficiency.").

A foreign tax credit is allowed only to the extent that the taxpayer can prove it was "paid or accrued" with respect to income from sources without the United States. Sec. 905(b)(1) and (2). The purpose of section 901 is to provide relief from U.S. taxation where income already has been taxed by another country. Perkin-Elmer Corp. & Subs. v. Commissioner, 103 T.C. 464, 470 (1994). Section 904(a) provides that the amount of the foreign tax credit "shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources without the United States * * * bears to his entire taxable income for the same taxable year." This limitation was enacted to prevent foreign tax credits from eliminating U.S. tax on U.S.-source income. Perkin-Elmer Corp. & Subs. v. Commissioner, 103 T.C. at 470-471.

Petitioners argue that they are entitled to a credit of $3,550 for 2016 arising from foreign taxes paid on foreign-source income related to brokerage accounts that petitioner Maher Bassily jointly owned with his sons. Respondent introduced into evidence a computer generated "Wage and Income Transcript" showing data from all the information returns that the IRS received for 2016 with respect to petitioner Maher Bassily. The Wage and Income Transcript reflects that

respondent received from third-party payors Forms 1099-DIV, Dividends and Distributions, reporting that foreign taxes totaling $3,549 were paid by joint investment accounts for 2016. The Wage and Income Transcripts do not indicate the amount of foreign-source income petitioner Maher Bassily received. Petitioners neither reported receipt of foreign-source income on their 2016 Federal income tax return nor introduced evidence establishing that they received such income.

All of the foreign-source income related to the joint investment accounts was reported on petitioners' son Daniel's 2016 Federal income tax return. Respondent did not make any adjustment that would require petitioners to include all or some portion of the foreign-source income on their return. At trial petitioner Maher Bassily explained that he reported the income on his son Daniel's income tax return because his son did not have a Federal income tax liability for the 2016 tax year.[3] Petitioners did not report any foreign-source income on their 2016 tax return. Therefore, the ratio of petitioners' foreign taxable income to their total taxable income for tax year 2016 is zero. Pursuant to the limitation in section 904(a), the amount of foreign tax credit petitioners may claim for tax year 2016 is

---

[3]We have long held that income is taxable to the person who earns it and taxpayers may not shift the incidence of taxation to a person or entity having less or no tax liability. See, e.g., Frey v. Commissioner, T.C. Memo. 2019-62, at *7.

zero. On this basis, we hold that petitioners are not entitled to a credit for foreign tax paid or accrued for the year in issue.

IV. Conclusion

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing conclusions,

Decision will be entered for respondent.