# United States Tax Court

T.C. Summary Opinion 2024-22

CARL DAVID LUCAS AND JASMINE LUCAS,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11907-20S.                          Filed October 9, 2024.

————

Carl David Lucas and Jasmine Lucas, pro sese.

*Matthew D. Lucey* and *Gabriella N. Paez*, for respondent.

## SUMMARY OPINION

LANDY, *Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Respondent determined a $29,600 deficiency in petitioners' federal income tax and a $2,828 section 6662(a) accuracy-related penalty for tax year 2018. After concessions,[2] the issues for decision are whether

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2] At trial petitioners conceded that they (1) received and failed to report income from Principal Life Insurance Co. (Principal Life) as shown on Form 1099–R,

(1) petitioners received and failed to report wages of $174,995; (2) petitioners are entitled to itemized deductions claimed on their 2018 Form 1040X, Amended U.S. Individual Income Tax Return; (3) petitioners had excess federal tax withholdings of $7,689; (4) Ms. Lucas is entitled to innocent spouse relief; and (5) petitioners are liable for a section 6662(a) accuracy-related penalty.

*Background*

During the year in issue Ms. Lucas served as a senior program manager and was employed by and received wages from the District of Columbia Government and Friends of Guest House. Mr. Lucas served as a reservist in the U.S. Army, and he was employed by and received wages from the Defense Finance and Accounting Service (DFAS) and Cybraics Defense Corp. (Cybraics). To perform his duties as a reservist, Mr. Lucas drove from his home in Maryland to New Jersey 12 times, 372 miles per round trip, for training.

Petitioners separated in 2019. While separated, Ms. Lucas timely prepared and filed petitioners' Form 1040, U.S. Individual Income Tax Return. At that time Ms. Lucas resided in California, and Mr. Lucas resided in Maryland. Mr. Lucas provided to Ms. Lucas the Forms W–2, Wage and Tax Statement, he received from his employers. On their 2018 Form 1040, petitioners reported total income of $81,407, consisting of wages of $76,445 from DFAS and a state tax refund received of $4,962.

Respondent selected petitioners' 2018 Form 1040 for examination and issued a Notice of Deficiency (Notice) determining that they failed to report all income received, were liable for a 10% additional tax for early distribution from a qualified plan, and were liable for a section 6662(a) accuracy-related penalty. The penalty received timely managerial approval. On September 28, 2020, petitioners, then residing in Maryland, timely filed a Petition for redetermination of the deficiency and penalty. Petitioners attached an executed 2018 Form 1040X with Schedule A, Itemized Deductions, and Schedule 1, Additional Income

---

Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., (2) are liable for the 10% additional tax upon receipt of the income from Principal Life, and (3) are not entitled to claim the American Opportunity Tax Credit. Respondent conceded that petitioners were entitled to (1) claim the child and dependent care credit, child tax credit, and additional child tax credit, (2) deduct state and local income taxes of $10,000, (3) deduct home mortgage interest of $22,563, and (4) a credit for excess Social Security taxes withheld of $1,110.

and Adjustments to Income, to their Petition. Respondent did not process the 2018 Form 1040X.

On the amended return petitioners claimed itemized deductions for medical expenses of $35,310 and noncash charitable contributions of $85,000 on their Schedule A, and Armed Forces Reservist expenses of $29,445 on their Schedule 1.[3] Petitioners claimed noncash charitable contribution deductions for a $50,000 donation to Goodwill on November 2, 2018, and a $35,000 donation to Friends of Guest House on December 1, 2018. Petitioners provided a "Donation Receipt" on Goodwill letterhead, which contained no description of the items donated, and a "Donor Receipt/Acknowledgment" on Friends of Guest House letterhead, which stated that the organization received "20 books" from Ms. Lucas. As to the claimed Armed Forces Reservist expense, the parties stipulated that Mr. Lucas incurred $2,433 in nonmeal, unreimbursed travel expenses.

Before trial respondent and Ms. Lucas filed a Stipulation of Settled Issues (Stipulation) resolving issues raised in the Notice, the deductions claimed on the amended return, and Ms. Lucas's request for innocent spouse relief. Mr. Lucas declined to execute the Stipulation.[4]

*Discussion*

I.   *Burden of Proof*

In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayers bear the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioners failed to establish that the burden of proof shifted to respondent. *See* § 7491(a).

---

[3] Petitioners claimed a moving expense deduction of $13,800 on their Schedule 1, but no testimony or other evidence was presented to support the expense. We deem this issue abandoned and conceded by petitioners, and we do not address it further.

[4] Because Mr. Lucas did not sign the Stipulation, and he otherwise disputes the Court's granting innocent spouse relief to Ms. Lucas, we determine that we are not bound by the Stipulation. We are free to make an independent determination of whether innocent spouse relief should be granted. *See* Rule 91(e).

## II. *Unreported Income*

Gross income means "all income from whatever source derived." § 61(a); *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–31 (1955). Gross income includes income derived from compensation for services. *See* § 61(a)(1).

In cases of unreported income, "the Commissioner must establish a 'minimal evidentiary showing' connecting the taxpayer[s] with the alleged income-producing activity," *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019) (quoting *Blohm v. Commissioner*, 994 F.2d 1542, 1548–49 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636), "or demonstrate that the taxpayer[s] actually received unreported income," *id.* (citing *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir. 1982)). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer[s] to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Id.* at 67–68 (first citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935); and then citing *Tokarski v. Commissioner*, 87 T.C. 74 (1986)). The Commissioner may rely on a third-party income report if taxpayers do not raise a reasonable dispute about its accuracy. *See* § 6201(d).

Respondent has met his burden. Petitioners stipulated that they received wages of $206,609. Petitioners did not dispute the accuracy of the wages reported to respondent on the 2018 Forms W–2 or their receipt of that income. At trial petitioners testified that they received income from their four employers, and they knew of the requirement to file a return reporting their income received. Respondent established a sufficient evidentiary basis to connect petitioners with the unreported income. Petitioners presented no other evidence that any unreported income was nontaxable or subject to any offsets or deductions. We sustain respondent's determination of unreported income.

## III. *Excess Tax Withholding Pursuant to Section 31*

On the 2018 Form 1040 petitioners reported income tax withheld on Forms W–2 and 1099–R of $19,960. In the Notice, respondent determined that petitioners overstated the amount withheld. The parties stipulated that petitioners had $12,271 of income tax withheld for 2018 and therefore overreported $7,689 of tax withheld.

A deficiency is determined "without regard to the credit under section 31." § 6211(b)(1). Moreover, "the [taxpayer's] overstatement of the taxes withheld on [the taxpayer's] wages does not constitute a

deficiency within the meaning of section 6211." *Bregin v. Commissioner*, 74 T.C. 1097, 1102 (1980); *Pope v. Commissioner*, T.C. Memo. 2020-62, at *6–7; *see Trimble v. Commissioner*, T.C. Memo. 2018-36, at *6. Consequently, "we lack jurisdiction to redetermine an adjustment to withholding credits." *Pope*, T.C. Memo. 2020-62, at *6–7 (citing *Bregin*, 74 T.C. at 1102).

IV.     *Deductions Claimed on the Amended Tax Return*

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Taxpayers claiming a deduction on a return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). Taxpayers are required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* § 6001; Treas. Reg. § 1.6001-1(a).

A.     *Schedule A Deductions*

1.     *Medical Expenses*

Petitioners seek to deduct $35,310 for medical expenses. Section 213(a) allows a deduction for "expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent," to the extent such expenses exceed 7.5% of adjusted gross income. *See also* § 213(f)(2). Expenses must be substantiated with a statement or an itemized invoice from the individual or entity that received payment for medical services detailing the recipient, cost, and nature of services. Treas. Reg. § 1.213-1(h).

Petitioners testified that their child developed a serious medical condition requiring treatment in 2018, but they did not present any evidence described in Treasury Regulation § 1.213-1(h) to substantiate the expenses before or at trial. With respondent's assent, we held the record open posttrial until January 3, 2024, to allow petitioners to submit evidence substantiating medical expenses paid. Petitioners

failed to provide any documents. Therefore, we determine that petitioners are not entitled to deduct any medical expenses.

### 2. *Noncash Charitable Contributions*

Petitioners seek to deduct $85,000 for noncash charitable contributions. Taxpayers may deduct charitable contributions made within the taxable year. § 170(a)(1). Noncash contributions must be evidenced by a receipt from the donee organization unless it is impractical to do so. *See* Treas. Reg. § 1.170A-13(b)(1). The receipt must show (1) the name of the donee organization; (2) the date and location of the contribution; and (3) the property description in detail reasonably sufficient under the circumstances. *Id.* Noncash contributions in excess of $250, $500, and $5,000 are subject to additional substantiation requirements. Treas. Reg. § 1.170A-13(b)(3), (c), (f).

The receipt from Goodwill fails to meet the substantiation requirements because it neither (1) lists the date of contribution nor (2) provides a reasonably sufficient description of the property donated. At trial Ms. Lucas testified that she donated 43 legal textbooks, treatises, and dictionaries to Friends of Guest House. We find Ms. Lucas's testimony unsubstantiated and not corroborated. *See Tokarski*, 87 T.C. at 77 (holding that we are not required to accept vague, uncorroborated, or self-serving testimony as reliable and true). The receipt from Friends of Guest House also fails to meet the substantiation requirements because "20 books" is not a description that is reasonably sufficient given the claimed $35,000 donation value for the books.

Because petitioners failed to satisfy the baseline substantiation requirements imposed on all noncash charitable contributions, we decline to address the additional substantiation requirements that are imposed on noncash charitable contributions of $250 or more, more than $500, or more than $5,000. Consequently, we determine that petitioners are not entitled to deduct $85,000 for noncash charitable contributions.

### B. *Schedule 1 Deduction for Certain Business Expenses for Reservists*

Petitioners seek a deduction of $29,445 for reservist business expenses. Members of reserve components of the U.S. Armed Forces may deduct travel expenses incurred during "any period during which such individual is more than 100 miles away from home in connection with" their service. §§ 62(a)(2)(E), 162(p). The parties stipulated that Mr. Lucas incurred $2,433 while traveling 4,464 total miles to and from his

reservist training, and the record before us substantiates this. We sustain the parties' agreement that Mr. Lucas incurred $2,433 in travel expenses. Petitioners presented no other evidence for the remaining $27,012 of reported reservist expenses; we find they are not entitled to deduct this additional amount.

V.    *Request for Innocent Spouse Relief*

Ms. Lucas requested innocent spouse relief under section 6015(b), which respondent agreed to as evidenced in the Stipulation.[5] Mr. Lucas asserts that Ms. Lucas is not entitled to relief because she, not an independent or disinterested return preparer, failed to report all of their income on the 2018 Form 1040, and thus, she was aware of the missing income.

Married taxpayers may elect to file a joint return. § 6013(a). Generally, spouses who file a joint tax return are each liable for the accuracy of that return and the full tax liability under section 6013(d)(3). *Butler v. Commissioner*, 114 T.C. 276, 282 (2000). A spouse may seek relief from this joint and several liability under section 6015(b). We apply a de novo standard of review to any determination made by the Commissioner under section 6015. *See* § 6015(e)(7); *Porter v. Commissioner*, 132 T.C. 203, 210 (2009), *superseded in part by statute*, Taxpayer First Act, Pub. L. No. 116-25, § 1203, 133 Stat. 981, 988 (2019).

While a requesting spouse generally bears the burden of proving she is entitled to relief, it is an open question whether the nonrequesting spouse now bears the burden of proof when the Commissioner and the requesting spouse are aligned on the decision to grant relief. *See Kraszewska v. Commissioner*, T.C. Memo. 2024-26, at *6–7 (citing *Stergios v. Commissioner*, T.C. Memo. 2009-15, 2009 WL 151485, at *4). We decline to answer this question, and instead, we decide the issue of whether Ms. Lucas is entitled to innocent spouse relief by a preponderance of the evidence. *See id.* For the reasons stated below, we deny Ms. Lucas's request for relief under section 6015(b).

There is no dispute that the requirements of section 6015(b)(1)(A), (B), and (E) have been met. However, the evidence before the Court does not show that Ms. Lucas satisfies the requirement of section 6015(b)(1)(C) and (D). Section 6015(b)(1)(C) requires that the requesting

---

[5] The evidence before us does not show whether Ms. Lucas requested relief under section 6015(c) or (f) in the alternative.

spouse "establish[] that in signing the return . . . she did not know, and had no reason to know, that there was such [an] understatement."

In 2018 Ms. Lucas received income from the District of Columbia Government and Friends of Guest House. Ms. Lucas prepared and filed petitioners' 2018 Form 1040 without including the wages she received from her two employers. Mr. Lucas provided to Ms. Lucas the two Forms W–2 he received from his employers. The 2018 Form 1040 included only Mr. Lucas's wages received from DFAS, and Ms. Lucas failed to include the entire amount of wages Mr. Lucas received from Cybraics. Therefore, we find that Ms. Lucas had actual knowledge that the 2018 Form 1040 did not include all income she and Mr. Lucas received for 2018. *See Cheshire v. Commissioner*, 115 T.C. 183, 192–93 (2000), *aff'd*, 282 F.3d 326 (5th Cir. 2002); *see also* Treas. Reg. §§ 1.6015-2(c), 1.6015-3(c)(2)(i)(A) ("In the case of omitted income, knowledge of the item includes knowledge of the receipt of the income."). We also find that Ms. Lucas knew an understatement existed when she filed the return. Because the requirements of section 6015(b) are conjunctive, we decline to address section 6015(b)(1)(D), and we determine that Ms. Lucas is not entitled to relief. *See Alt v. Commissioner*, 119 T.C. 306, 313 (2002), *aff'd*, 101 F. App'x 34 (6th Cir. 2004).

VI.    *Accuracy-Related Penalty Pursuant to Section 6662(a)*

Respondent determined that petitioners are liable for a section 6662(a) accuracy-related penalty. Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax that is attributable to the taxpayers' "substantial understatement of income tax." An understatement of income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). Whether the understatement of income tax on petitioners' return is substantial within the meaning of the Code will be determined when petitioners' tax liability is recomputed under Rule 155.

Respondent obtained timely approval to impose the penalty, *see* § 6751(b)(1), and petitioners did not present any evidence that their understatement was due to reasonable cause, *see* § 6664(c)(1); Treas. Reg. § 1.6664-4(b)(1). Accordingly, we determine that petitioners are liable for the section 6662(a) and (b)(2) accuracy-related penalty for 2018 to the extent the understatement of income tax is substantial.

To reflect the foregoing,

*Decision will be entered under Rule 155.*